# CASES

# SUPREME JUDICIAL COURT

## FOR THE COUNTY OF PLYMOUTH, OCTOBER 1861, AT BOSTON.

PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice
Hon. THERON METCALF,
Hon. PLINY MERRICK,
Hon. EBENEZER R. HOAR, }Justices.
Hon. REUBEN A. CHAPMAN,

---

DAVID B. GURNEY *vs.* DANIEL A. FORD.

The right to use land for a mill-yard may exist as an easement, for the disturbance of which a bill in equity may be sustained.

A bill in equity seeking relief for an obstruction of a way to the plaintiff's mill, and alleging it to be a public way, is not sustained by proof of the existence of a private way.

BILL IN EQUITY, praying for an injunction and other relief for the disturbance of a right of way to the plaintiff's saw-mill, in Abington, and of his right to use the adjoining land for a mill-yard. The case is stated in the opinion.

*C. M. Ellis,* for the plaintiff.

*E. Ames,* for the defendant.

CHAPMAN, J. The plaintiff claims a right of way to his mill over certain land of the defendant, and an easement in the land

described in his bill, on the easterly side of his mill and adjoining the way, for a mill-yard, to be used for laying logs, lumber and other articles upon it. He alleges that the defendant has obstructed these easements by placing large quantities of gravel upon the land, and prays for a decree requiring the defendant to remove the obstructions; for an injunction against further obstructions; and for damages, the amount of which was agreed, if he is entitled to recover anything.

In the recent case of *Richardson* v. *Pond*, 15 Gray,   , the court held that an easement may exist upon land not only for a way, but for piling articles of merchandise in boxes, bales, &c.; for drawing them into a store by a windlass over the way; for swinging shutters over the way, and for other similar purposes. There is no doubt, then, that easements of the kind claimed in the bill, as to the mill-yard, may legally exist. And this court has now full power to grant such a remedy as the plaintiff seeks, so far as the alleged rights are private. The only remaining question is, whether the evidence establishes the plaintiff's case.

In respect to the way, the bill alleges it to be a public way. If it had been alleged to be a private way, the evidence would sustain the allegation. It appears that the stream runs southward. The dam across it is so constructed as to form a highway; and on the southerly side it forms an embankment twelve feet in height. The mill stands below this dam, and the access to it is on the lower side. A path formerly led from the highway west of the dam across the brook, south of the mill, and near to it, and reëntered the highway east of the dam. This was the way to the mill. Travellers also used this way when they wished to water their horses in the brook below the mill, and when the highway across the dam was out of repair. But the town never repaired this way; and the evidence tends rather to show a use permitted by the owners of the land, who had occasion to keep the way open on account of their mill, than a use of it as a public way. But as the plaintiff has alleged it to be a public way, the proof does not sustain his bill in this respect, and, if his allegation were true, there would be objections

to the attempt to maintain a private action for an obstruction to a public way, that need not now be discussed.

The evidence proves the alleged right to the mill-yard, both by use, and under a deed of the defendant to the plaintiff, as appurtenant to the mill. It is admitted that the defendant has obstructed this easement, by placing gravel upon the land as alleged. The plaintiff is therefore entitled to a decree as prayed for, in respect to the mill-yard.